Evans J.
delivered the opinion of the Court.
Upon a slight view, it might seem that this case was decided by the case of the State v. Davis & Purdue, 1 Hill, 96, where the defendants were found guilty of an assault in cutting a rope by which the prosecutor had tied the body of a negro to his own person. This case was decided on the ground, that every thing attached to a man’s person partakes of his personal inviolability, as the clothes he wears, or the stick he carries in his hand. But the extension of this doctrine to the extent contended for in this case would confound the distinctions between trespass to the person, which is indictable, and trespass to goods, which is not. Many cases are to be found in the English Reports, where the defendant wilfully ran against the carriage of the prosecutor, by reason whereof he was hurt and sustained bodily injury; but the cases go no farther. It would be going too far to say, that to stop the carriage in which the prosecutor is riding, without any design or manifestation of intention to *93 do him any bodily hurt, can amount to an assault, any more than to stop a boat in which many persons were sailing, would be an assault on each and every of the passengers. In this case the declared object of the defendant Edge was to recover his negro, which the prosecutor was unlawfully carrying away. This he might lawfully do, if he could effect it without a breach of the peace or the violation of the criminal laws of the country. If this was his object, and so declared at the time, and there was no offer or attempt to commit any violence on the person of the prosecutor, I cannot regard the act as any thing more than a trespass; or at most, the momentary restraint on the liberty of the prosecutor would be only a false imprisonment, which it is now settled may bo committed without an assault; though the opinion seemed once to have been entertained, that a false imprisonment included an assault; 4 Bos. & Pul., 255.
In cases like the present, where no personal injury is done or attempted, the question is always one of intention, and the jury should be instructed to find the defendants guilty, or not, according as they should decide that he intended to do an injury to the person of the prosecutor, or not. That the jury may decide on this point, a new trial is ordered.
Richardson J., O’Neall J., Butler J., and Wardlaw J., concurred.